## HOPKINS v. SOUTHALL.

### No. 4576.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

W. D. Cotton, of Rayville, for appellant.

Anders & Anders, of Winnsboro, for appellee.

TALIAFERRO, Judge.

Plaintiff is the owner and holder of the mortgage note of J. M. Southall for $125, dated November 16, 1932, due October 1, 1933, and secured by duly registered mortgage on one Ford roadster automobile. The mortgage and note are in authentic form. Judgment is confessed by the mortgagor, and the pact de non is embodied in the mortgage. The note and a certified copy of the mortgage are attached to, and made part of, the petition.

This suit, an executory process, is against C. S. Southall, alleged third possessor of the mortgaged car. It is alleged that the "necessary demand of thirty days upon the mortgage debtor for payment of said note" has been made, and that the third possessor has been notified of the demand upon said mortgagor, as required by law, for more than ten days, but said note remains unpaid. Executory process was prayed for, and order therefor signed by the clerk of court. C. S. Southall appealed suspensively from this order. In this court he filed exception of no cause of action. In his brief there are eight specific points urged in support of the exception. We find it unnecessary to discuss and pass upon but one of these, viz.: "Second: That the said note matures on October 1, 1933—yet this executory proceeding was brought on January 27, 1933—more than nine months before the maturity of the obligation."

The note did not mature, according to its own tenor, until October 1, 1933. The suit was filed January 27, previous. There is no stipulation in the mortgage that, should the mortgagor sell or transfer the mortgaged automobile, the holder of the note had the right or option, in that event, to declare the note due and exigible; and, in the absence of such a provision, the mere fact of sale or transfer of the car would not bring about the maturity of the note or mortgage. It is alleged in the petition that the mortgage contains the "pact de non alienando," and that judgment was confessed by the mortgagor, who consented that, if the stipulations and terms of the note and act of mortgage were violated, "said property might be seized and sold by executory process," etc. The mortgage authorizes issuance of executory process when the note matures according to its terms, but, as stated above, there appears nothing therein to authorize its holder to hasten maturity for violation of the mortgage's provisions.

Manifestly, therefore, plaintiff was without the right to institute this foreclosure suit at the time he did so. No cause of action then reposed in him.

The exception of no cause of action is sustained on the ground above discussed; the order of executory process issued herein is annulled and set aside, and plaintiff's suit dismissed at his cost.